Ho were, J.
The plaintiffs, having obtained judgment, on 27th November, 1865, against the defendant, with a recognition of mortgage on the Courtana or Little Misc.y plantation, caused the property to be seized, and advertised for sale on the 6th January, 1866. Whereupon Hill & Markham intervened by third opposition, claiming a privilege superior to all others, on the sugar-house, sugar-mill, saw-mill, engine, machinery, etc., on said plantation, for the amount of an open account for work and labor done, and machinery sold, in 1855 and 1856, for one Jordan Holt, who was then the owner of said plantation and asking that the said sugar-house, mills, machinery, etc., be appraised separately from the other property, and the sheriff ordered to retain sufficient proceeds thereof to pay their claim, with interest and costs. It is alleged that said account was duly recorded to preserve the privilege.
The plaintiffs answered, denying that said Holt, owed third opponents anything, that the charges are correct, if any work was done, and that the opponents have any privilege whatever. ,
On the trial of the opposition, judgment was rendered in favor of Hill & Markham against said Holt for the amount claimed,, and decreeing “that the proceeds of the sale of said sugar-house, saw-mill, engine, *486 -boiler?, machinery, etc., or so much thereof as may be necessary, be appropriated to pay the said judgment in favor of liili & Markham, in preference over all others.”
From, this, plaintiffs have appealed, and they contend that the said plantation, together with the machinery, etc., thereon, having passed by sheriff’s sale under a writ of.seizure and sale, on 4th October, 1856, from Jordan Holt to James A. McHatton, a third party, from whom plaintiffs obtained their mortgage on said plantation and machinery; the pretended privilege, to have effect against said third parties, has not been preserved in the manner pointed out by law, viz: by the registry of a contract.or agreement, O. O. 2746; Whitla v. Taylor, 6 A. 480.
There is in the record a copy of the account, which appears to have' been recorded on 14th May, 1856, but it is without the signature of the debtor, Holt, and is not an agreement. The opponents contend that by ,Ar,t. 3289, O. C., it is only necessary to record the amount due and carrying, a privilege. Admitting this to be correct, (upon which we reserve our opinion) the recording was not made within the time prescribed by 3240, O. 0., in order to be valid against third persons. And furthermore it appears that these opponents made a similar opposition in the executory proceedings of Jas. A. McHatton v. J. Holt, in May, 1856, claiming the same amount and privilege, and obtained an order to have the same sugar-hpuse, mills, machinery, etc., appraised separately, to pay their claim, for which they were then asking judgment against their debtor, Holt. But the order was not executed, and they permitted the .whole property to be sold, on 4th October, 1856, confusedly in mass, ■and it was purchased by McHatton, who paid $13,900, cash into the 'hands of the sheriff, retaining the balance to pay his own mortgage and other specified creditors of Holt, not including Hill & Markham.
This, we think, relieved the property sold of any privilege which may then have existed in favor of Hill & Markham.
It is therefore ordered that so much of the judgment appealed from as sustain^ the third opposition of Hill & Markham, and orders the sugar-house, saw-mill, engine, boilers, machinery, etc., on the Courtana or Little Misc.y plantation, seized in this suit, to be appraised separately from the said plantation and other improvements, and the proceeds thereof appropriated to pay said judgment in favor of Hill & Markham in preference to all others, be reversed, and said third opposition be dismissed at the costs of opponents; and that in other respects the judgment be affirmed, costs of appeal to be paid by the opponents.